UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO. 8:14-CV-02427-JDW-TGW

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

WEALTH STRATEGY PARTNERS, LC,
HARVEY ALTHOLTZ,
STEVENS RESOURCE GROUP, LLC, and
GEORGE Q. STEVENS,

        Defendants.
_____/

CONFIDENTIALITY AND CLAWBACK ORDER PURSUANT
TO RULE 502(d) OF THE FEDERAL RULES OF EVIDENCE

Upon stipulation by the Parties for a Protective Order pursuant to Fed. R. Civ. P. 26(c) and Federal Rule of Evidence 502(d), it is hereby **ORDERED** that:

**Treatment of Confidential Information**

1. In responding to requests for discovery in this matter or in fulfilling disclosure obligations, any Party or non-party who produces discovery material may designate as confidential any information, which the producing person in good faith believes warrants confidential treatment. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Protective Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. Information that warrants confidential treatment may include any information the producing person in good faith believes constitutes (i) highly sensitive, confidential proprietary business information, such as trade secrets and business strategies; (ii) highly sensitive,

-1-

confidential information the disclosure of which would be invasive of the producing person's legitimate privacy interests; and (iii) books and records of financial institutions or personal, borrower, or customer information that is confidential under Florida and federal law.

3. The producing person disclosing or producing such information shall stamp or otherwise mark the information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to clearly designate the information as covered by this Protective Order ("Confidential Information" or "Protected Material"). Documents previously marked as "CONFIDENTIAL" or "CONFIDENTIAL — FOI EXEMPT" and produced during the pre-filing investigation shall also be treated as Protected Material if the producing person now designates them as covered by this Protective Order, and Plaintiff agrees to provide Defendants with at least 24 hours' notice before filing such documents or information with the Court or otherwise publicly disclosing such documents or information, subject to the limitation in Paragraph 22 below.

4. The protections conferred by this Protective Order cover not only the information designated as Protected Material but also (a) any information copied or extracted from the Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, or presentations regarding the Protected Material by any party.

5. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Subject to Protective Order" by the reporter.

6. Unless ordered by the Court, or otherwise provided for herein, the Protected Material disclosed will be held and used by the person receiving such information solely for use

in connection with the action in which this Protective Order issued. The documents shall not be disclosed to the media or used for any business or commercial purpose.

7.      Nothing in this Protective Order operates to create an admission by any Party that Protected Material disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Protected Material disclosed, in accordance with applicable law and Court rules.

8.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of information that that person previously produced without limitation should be designated as Protected Material, he may so designate by so apprising all parties in writing, and such designated portion[s] of Protected Material will thereafter be treated as Confidential Information under the terms of this Order.

9.      No person subject to this Order other than the producing person shall disclose any of the Protected Material designated by the producing person as Confidential Information to any other person whomsoever, except to:

    (a)     the Parties to this action;

    (b)     counsel (including any paralegal, clerical and other assistant employed by such counsel and assigned to this action) retained specifically for this action;

    (c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action or in any criminal investigation or litigation; provided such person has first executed a Non-Disclosure Agreement;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement;

(f) any person employed by a firm retained by counsel or a party to assist in the collection, processing, and production of documents; provided such person has first executed a Non-Disclosure Agreement;

(g) stenographers engaged to transcribe depositions conducted in this action;

(h) the Court and its support personnel.

10. Prior to any disclosure of any Protected Material to any person referred to in subparagraphs 6(d), 6(e), or 6(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Counsel shall make reasonable efforts to seek the return or destruction of materials provided to prospective witnesses.

11. Any Party seeking to file Protected Material with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Protected Material, may seek relief from the Court to file such Protected Material under seal. The determination of whether or not the Protected Material shall be filed under seal is the Court's prerogative. The Parties will use their best efforts to minimize any attempts to file material under seal.

12. Any Party or producing person who objects to any designation of confidentiality shall first serve upon counsel for the designating person or Party a written notice objecting that

specifically identified documents, testimony, interrogatory responses, or responses to requests for admissions should not have been designated as Protected Material. The objections shall identify any documents that the objecting Party or person believes should not have been designated as Protected Material individually and by bates number. The designating Party or person shall then have five (5) business days to modify, change, or rescind its designation of specific documents or information as Protected Material. The requirements of this paragraph must be satisfied prior to the objecting Party or producing person filing a motion with the Court addressing the status of the designated information as Protected Material.

13. The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing or trial held in this action, or any appeal therefrom. In the event that any material previously designated as Confidential becomes public in a legal proceeding, that Protected Material will no longer be afforded confidential treatment under this Protective Order.

14. Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of an inadvertent disclosure of Protected Material, the disclosing Party and/or their counsel shall use reasonable efforts to secure the return or destruction of the inadvertently produced Protected Material.

**Treatment of Inadvertently Disclosed Attorney-Client**
**Privileged or Work Product Material Pursuant to FRE 502(d)**

15. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other

applicable privilege with respect to the Inadvertently Disclosed Information and its subject matter.

16. If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five (5) business days of being notified of the inadvertent disclosure, return or destroy all copies of the Inadvertently Disclosed Information that can be returned or destroyed, and provide a certification of counsel that all such information has been returned or destroyed.

17. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

18. The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The Party may move the Court to file any such motion under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The Court will decide whether or not such a motion should properly be under seal or not. The receiving Party shall not otherwise use or refer to the Inadvertently Disclosed Information in court filings, depositions, at trial or otherwise unless and until the Court rules that the Inadvertently Disclosed Information is not privileged or otherwise protected.

19. The disclosing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21. Nothing in this Order shall be construed to prevent the disclosure of otherwise publicly available documents and information.

22. Nothing in this Protective Order shall be construed to limit the retention or use of Protected Material that is not Inadvertently Disclosed Information by the Securities and Exchange Commission ("SEC") for any of the "Routine Uses of Information" identified in SEC Form 1662 (5-04) ("Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena"), or as required for law enforcement activities and to otherwise regulate, administer and enforce the federal securities laws. The SEC, however, agrees to promptly notify Defendants in writing five (5) business days (a) prior to responding to any subpoena, court order, or other request not issued by a governmental agency or self-regulatory organization (SRO) seeking the disclosure of Protected Material, or (b) prior to disclosing Protected Material without a request, other than a disclosure made to a governmental agency or SRO, or as set forth in Paragraphs 9 or 13 above.

23. This Protective Order shall survive the termination of the litigation.

**DONE AND ORDERED** in Tampa, Florida, this 21st day of October, 2015.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record.