UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO. 8:14-CV-02427-JDW-TGW

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

WEALTH STRATEGY PARTNERS, LLP,
HARVEY ALTHOLTZ,
STEVENS RESOURCE GROUP, LLC, and
GEORGE Q. STEVENS,

                Defendants.
_____/

## JUDGMENT AS TO
## DEFENDANT WEALTH STRATEGY PARTNERS, LLP

This cause comes before the Court upon the Motion by Plaintiff Securities and Exchange Commission for a Judgment of Permanent Injunction and Other Relief against Defendant Wealth Strategy Partners, LLP ("Wealth Strategy" or "Defendant") ("Motion for Permanent Injunction"). The Court finds that good cause exists for the Court to grant the Commission's Motion for Permanent Injunction. The Commission having filed a Second Amended Complaint and Defendant having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment of Permanent Injunction") without admitting or denying the allegations of the Second Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; waived any right to appeal from this Judgment of Permanent Injunction; and has agreed to

the entry of this Judgment of Permanent Injunction. Accordingly, the motion is **GRANTED**, and the Court hereby orders as follows:

## I.

## SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS ORDERED AND ADJUDGED** that Wealth Strategy and its agents, servants, employees, and attorneys is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a)    any investment in or offering of securities;

    (b)    any investment strategy or investment in securities;

    (c)    compensation to any person;

(d) the prospects for success of any product or company;

(e) the use of investor funds; or

(f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

### SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Wealth Strategy and its agents, servants, employees, and attorneys is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a)    any investment in or offering of securities;

    (b)    any investment strategy or investment in securities;

    (c)    compensation to any person;

    (d)    the prospects for success of any product or company;

    (e)    the use of investor funds; or

    (f)    the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

### SECTION 206(4) OF THE INVESTMENT ADVISERS ACT OF 1940

**IT IS FURTHER ORDERED AND ADJUDGED** that Wealth Strategy and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8(a), by using the mails or any means or instrumentality of interstate commerce, to engage in any act, practice, or course of business

which is fraudulent, deceptive or manipulative, with respect to any investor or prospective investor in a pooled investment vehicle by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment in or offering of securities;

(b) any investment strategy or investment in securities;

(c) compensation to any person;

(d) the prospects for success of any product or company;

(e) the use of investor funds; or

(f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Sections 209(d) and (e) of the Advisers Act [15 U.S.C. § 80b-9(d) and (e)], and, if so, the

amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from April 1, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment of Permanent Injunction; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

### INCORPORATION OF WEALTH STRATEGY'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment of Permanent Injunction.

## VII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment of Permanent Injunction forthwith and without further notice.

Done and Ordered in Chambers in Tampa, Florida, this 18th day of October, 2016.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE